# EXHIBIT B

# EXHIBIT B

Ex Parte Application for Temporary Restraining
Order and Motion for Preliminary Injunction

Electronically Filed
12/16/2022 4:55 PM
Steven D. Grierson
CLERK OF THE COURT

**LEX TECNICA LTD**
VINCENT J. GARRIDO, ESQ.
Nevada Bar No. 15918
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
vince@lextecnica.com
*Attorneys for Plaintiffs*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

* * *

| | |
|---|---|
| CANDRA EVANS, individually and as parent to R.E., TERRELL EVANS, individually and as parent to R.E., | CASE NO.:  A-22-862740-C |
| Plaintiffs, | DEPT. NO:  XIII |
| vs. | **HEARING NOT REQUESTED** |
| KELLY HAWES, JOSHUA HAGER, SCOTT WALKER, JESUS JARA CLARK COUNTY SCHOOL DISTRICT; and DOES 1 through 100; ROE ENTITIES 11 through 200, inclusive, | |
| Defendants. | |

### PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs, Candra Evans, Terrell Evans, individually and as parents to R.E., by and through

its attorneys, hereby applies for an ex parte temporary restraining order and moves for entry of a

preliminary injunction, based on their verified complaint. This Application and Motion is made

and based on NRCP 65, NRS 33.010, EDCR 2.10, the following Memorandum of Points and

Authorities, together with the pleadings and papers on file, and oral arguments that this Court

entertains.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

R.E., a minor that attends Las Vegas Academy of Arts ("LVA"), a Clark County School District ("CCSD") high school, has been attacked and injured by Defendants and their actions. From blaming R.E. for the pornographic monologue she was forced to read, memorize and perform to forcing her into meetings by herself with Scott Walker ("Walker") (LVA principal), Joshua Hager ("Hager") (LVA Assistant Principal), and Kelly Hawes ("Hawes") (LVA teacher). Plaintiffs do not trust that, now that they have filed this action, Defendants will leave R.E. alone. Defendants previously promised to not meet with R.E. alone about this, but it was a lie. Walker, Hager and Hawes have all met with R.E. alone, despite the explicit request from R.E. parents that they do not. R.E. is a minor and deserves to be protected, especially as she is under the control of Defendants during her school time hours. It is for this reason that Plaintiffs bring this Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction. As will be shown, Plaintiffs are likely to suffer irreparable harm and win on the merits. Plaintiffs also have public interest and the balance of potential hardships on their side.

To Protect R.E., Plaintiffs request that the Court order that Defendants be barred from speaking about this case in a way that will identify or tend to identify R.E., that Kelly Hawes, Joshua Hager, and Scott Walker be restrained from meeting with, talking to, or otherwise interacting with R.E., and that Defendants be prohibited from meeting with, discussing this case, or retaliating against R.E. These are necessary actions to protect R.E., a minor, especially in light of Defendants previous bad acts. For those reasons, Plaintiffs request that this Court grant Plaintiffs' Ex Parte Application for Temporary Restraining Order and grant Plaintiffs' Motion for Preliminary Injunction.

## II.     BACKGROUND

R.E. is a minor that attends LVA and was required to read, memorize, and perform a pornographic monologue by Hawes. The monologue is as follows:

**"I don't love you. It's not you, it's just (looks down) your dick. I don't like your dick or any dick in that case. I cheated Joe. We were long distance and I'm in college and me and this girl, my roommate, started having some drinks and you know, I thought it was a one time thing but then we started going out for coffee, and started sleeping in the same bed. I never thought it would get this far but God, it was like fireworks, and made me realize that with you it was always like a pencil sharpener that keeps getting jammed. I've tried to look at it from all different perspectives, but the truth is, I'm a fucking lesbian. I'll never love you or any man, or any fucking dick. I hope you find a nice straight girl because that's not me, and I'm tired of pretending that it is."**

This unlawful grooming and abuse of a minor student and compelling the minor student (and other students) to perform obscene, sexual activity as a class assignment was supported, ratified and defended by Defendants. Hawes approved of, helped edit, and helped rewrite this monologue before it was given to R.E. as an assignment. Disgusted, Plaintiffs reached out to Defendants for answers. After attempting to fix things with Hawes, Hager and Walker, with no success, Plaintiffs made public comment during a CCSD Board of Trustees meeting. When Plaintiffs attempted to complain and seek relief, CCSD's Board and Jesus Jara ("Jara") (CCSD superintendent) prevented Plaintiffs from reading the assignment at a School Board meeting because the content was obscene. After Defendants and other CCSD staff expressly agreed Hawes' activity was unlawful and inappropriate, and that Ms. Hawes would have no further interaction with the minor, Walker and then Hawes falsely imprisoned, abused, and shamed the minor for reporting the misconduct. Plaintiffs met several times with Defendants and other CCSD staff, but this situation was always swept under the rug. Now, Plaintiffs have brought their verified complaint and this application and motion and request that the Court grant them.

## III.    APPLICATION FOR TEMPORARY RESTRAINING ORDER

For a temporary restraining order to issue without notice, NRCP 65(b) requires the (1) applicant demonstrate specific facts in an affidavit or a verified complaint showing immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and (2) the applicant's attorney certifies to the Court, in writing, the efforts, if any which have been made to give the notice and reasons supporting a claim that notice should not be

required. A district court "may enter a gag order only when: (1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest, (2) the order is narrowly drawn, and (3) less restrictive alternatives are not available. *Johanson v. Eighth Judicial Dist. Court of State of Nev. ex rel. Cnty. of Clark*, 124 Nev. 245, 251, 182 P.3d 94, 98 (2008) (internal quotation marks omitted).

As shown in Plaintiffs' verified complaint, the attached declaration,[1] and set forth herein, Plaintiffs are entitled to immediate entry of a temporary restraining order against CCSD and Hawes. Her unlawful grooming, false imprisonment, assault and battery of R.E. makes it clear that Hawes must be kept away from R.E. Plaintiffs requested this several times from CCSD, only for CCSD to promise to keep Hawes away from R.E., but later would renege on those promises. Plaintiffs also requested that CCSD prohibit their staff from meeting with R.E. without her parents present. CCSD promised to do this, but Plaintiffs discovered that CCSD violated this promise and then asked R.E. to not tell her parents. R.E.'s safety is too important to leave up to CCSD and its string of broken promises.

To protect R.E., Plaintiffs request that Hawes, Hager, and Walker be restrained from meeting with, talking to, or otherwise interacting with R.E. Plaintiffs further request that Defendants be prohibited from meeting with or discussing this case, with R.E. Plaintiffs further request that Defendants be enjoined from discussing this case in any way that directly or indirectly identifies R.E.

The attached affidavit[2] shows counsel's attempt to contact opposing counsel and to inform them of these matters and Plaintiffs' intent to seek this ex parte temporary restraining order and a preliminary injunction.

///

///

---

[1] See Exhibit A
[2] See Exhibit A.

4

## IV.     MOTION FOR PRELIMINARY INJUNCTION

A preliminary injunction is available when the moving party can demonstrate that the nonmoving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory relief is inadequate and that the moving party has a reasonable likelihood of success on the merits. *See* NRS 33.010; *University Sys. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004); *Dangberg Holdings v. Douglas Co.*, 115 Nev. 129, 142, 978 P.2d 311, 319 (1999). In considering preliminary injunctions, courts also weigh the potential hardships to the relative parties and others, and the public interest. *Univ. & Cmty. Coll. Sys. of Nevada v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004). The grant or denial of preliminary injunctive relief is entrusted to the sound discretion of the district court, *Labor Comm'r of State of Nev. v. Littlefield*, 123 Nev. 35, 38, 153 P. 3d 26, 28 (2007). The moving party bears the burden of providing testimony, exhibits, or documentary evidence to support its request for an injunction. *Coronet Homes, Inc. v. Mylan*, 84 Nev. 435, 437, 442 P.2d 901, 902 (1968); compare 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 2949, at 237 (2013) (to sustain a preliminary injunction, "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented"), with *Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 787 P.2d 772 (1990) (noting that NRCP 65 was drawn from an earlier version of FRCP 65, making it appropriate to look to federal cases and treatises in construing our rule). *Hosp. Int'l Group v. Gratitude Group, LLC*, 132 Nev. 980, 387 P.3d 208 (2016).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. See *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D.Cal.2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). See also *Dangberg*

*Holdings Nevada, L.L.C. v. Douglas Cnty. & its Bd. of Cnty. Com'rs*, 115 Nev. 129, 146, 978 P.2d 311, 321 (1999); *Tran v. Quality Loan Serv. Corp.*, 2:12-CV-01372-GMN, 2012 WL 4753308, at *3 (D. Nev. Oct. 4, 2012).

**A. Plaintiffs Will Suffer Irreparable Harm if Defendants is Not Enjoined**

R.E. was preyed upon, as a minor, by her teacher and Defendants affirmed and ratified those actions. Despite the weeks between when Hawes assigned the monologue assignment and it was due, none of the Defendants did anything to stop it. Not Hawes, the one who required it, not Walker or Hager, who supervised Hawes, not CCSD, or Jara. This is one of the reasons that Plaintiffs are concerned that history will repeat itself. When Plaintiffs' concerns became a media story, Defendants forced R.E. into multiple meetings by herself where she was verbally attacked, falsely imprisoned, assaulted, and battery by Defendants and then told to hide what happened from R.E.'s parents. In addition, CCSD and one of its Trustees defamed Plaintiffs by calling Candra Evans' constitutionally and legally protected first amendment rights a "publicity stunt" and that R.E. was to blame as the assignment was a "student-generated writing exercise." This was reinforced and repeated by, upon information and belief, Twitter user @ThatB*tchSarah. If Defendants are not enjoined, these attacks are likely to happen again. Plaintiffs want to prevent that as R.E. is still feeling the impact of the last time Defendants violated her rights. As R.E. is already injured, Defendants actions will likely cause even greater harm. No minor should have to put up with Defendants actions and the irreparable harm they bring.

**B. Plaintiffs Will Likely Succeed on the Merits**

**1. Intentional and Negligent Infliction of Emotional Distress**

"Generally, the elements of [Intentional Infliction of Emotional Distress] are (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 91–92 (1981). "Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as

utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998). Requiring a child to read, memorize, and act out pornography as part of a required class assignment is an extreme and outrageous act. This conduct has continued as Defendants have verbally attacked and placed R.E. in harm's way multiple times in an attempt to sweep their actions under the rug. In fact, the teacher knew of the content of the monologue and helped a student rewrite it before requiring R.E. to read, memorize, and act it out in front of her whole class. This conduct recklessly disregarded the fact it would cause R.E. emotional distress and to this day the teacher has not apologized for causing it. In response to this assignment and Defendants' actions, R.E. has been seeing a psychologist and a therapist. R.E. extreme emotional distress from having to read, memorize, and act out pornography in front of her class is the actual cause of her extreme emotional distress. As Plaintiffs can show a prima facie case for intentional infliction of emotional distress, Plaintiffs will likely succeed on this cause of action.

A claim of negligent infliction of emotional distress requires "the plaintiff to show that the defendant acted negligently (i.e. breached a duty owed to plaintiff) and either a physical impact ... or, in the absence of physical impact, proof of serious emotional distress causing physical injury or illness." *Switzer v. Rivera*, 174 F. Supp. 2d 1097, 1109 (D. Nev. 2001) (internal quotation marks omitted). See *Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 956 P.2d 1382, 1387 (1998). As described above, Defendants have subjected R.E. to outrageous and reckless conduct which caused her, and continues to cause her extreme emotional distress, as evidenced by her needing to see both a psychiatrist and a therapist. Further, Hawes assaulted and physically battered a distraught R.E. in an attempt to cover up her own actions. Defendants had a duty to protect R.E. while she was in their care, but instead breached their duty and put her through a nightmare. As Plaintiffs can show a prima facie case for negligent infliction of emotional distress, Plaintiffs will likely succeed on this cause of action.

///

///

**2. Violation of First Amendment Rights**

The First Amendment to the United State Constitution protects freedom of speech against state action, including the right to speak and the right to refrain from speaking. *Board of Education v. Barnette*, 319 U.S. 624, 645 (Murphy, J., concurring) (1943).

Defendants forced a child. R.E., to read, memorize, speak and perform a disgusting pornographic monologue as part of her classroom activites. Hawes, a CCSD employee, reviewed, edited, and approved this pornographic monologue before requiring R.E. to read, memorize and act it out or be punished by her grade for the class being impacted. These actions violated R.E. First Amendment rights.

Moreover, CCSD prevented Candra Evans from speaking out in the assigned forum regarding the abuse. CCSD Board Members cut off Candra Evans, preventing her from speaking, informed her that the assignment Hawes' had given the minor was profane, and that it was not proper to read in a public meeting. When Candra Evans raised further concerns, Dr. Jara cut her microphone and talked over her, preventing her from speaking. She was deprived of the ability to raise her concerns in the "public comment" section of the meeting. Moreover, she was prevented from speaking in the time and place assigned by Defendants for her to speak. Candra Evans was only allowed to finish her comment if she censored it. By preventing Candra Evans from being able to speak and then censoring her comment, CCSD, and Dr. Jara, violated Candra Evans' First Amendment rights. As Plaintiffs can show a violation of Plaintiffs' first amendment rights, Plaintiffs will likely succeed on this cause of action.

**3. Violation of fourteenth Amendment Due Process Clause**

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The U.S. Supreme Court has interpreted this guarantee "to include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a

compelling state interest." *Reno v. Flores*, 507 U.S. 292, 301–02, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). When a state actor engages in "affirmative conduct" that places a plaintiff in danger and acts with "deliberate indifference" to a "known and obvious danger," the state actor has violated a plaintiffs' substantive due process right under the state created danger doctrine under the Fourteenth Amendment Due Process Clause of the U.S. Constitution. *Patel v. Kent School Dist.*, 648 F.3d 965, 974 (9thCir. 2011). Deliberate indifference is established when a state actor "disregarded a known or obvious consequence of his action." *Patel*, 648 F.3d at 974, quoting *Bryan Cnty. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "Generally, substantive due process analysis applies when state action is alleged to unreasonably restrict an individual's constitutional rights." *Mont. for Justice v. State ex rel. McGrath,* 334 Mont. 237, 146 P.3d 759, 767 (2006). *Las Vegas Convention & Visitors Auth. v. Miller*, 124 Nev. 669, 695–96, 191 P.3d 1138, 1155 (2008). Parents have the fundamental right "to direct the education and upbringing of one's children." *Washington v. Glucksberg*, 117 S. Ct. 2258, 2267 (1997). The U.S. Supreme Court has held that the right of parents to make decisions concerning the care, custody, and control of their children is a fundamental liberty interest protected by the Due Process Clause. *See Troxel v. Granville,* 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality opinion) ("[I]t cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.").

After Defendants forced a child, R.E., to read, memorize and act out a disgusting pornographic monologue, Walker forced R.E. into a room with Hawes alone, even after R.E.'s parents asked him not to, and he agreed he would not. Forcing R.E. to interact with Hawes, at all, but even worse, alone in a place where she could be abused yet again, shows that Defendants affirmative conduct was either deliberately conspired, or was deliberately indifferent to the known danger to R.E. and the other children and Plaintiffs.

///

Further, Hawes, a CCSD employee, reviewed and approved this disgusting pornographic monologue before requiring R.E. to read, memorize, and act it out or be punished by CCSD. While CCSD has power over its curriculum, Defendants have no right to push pornography, or indoctrination on children or unreasonably restrict parents' rights to make decisions concerning the care, custody, and control of their children. As Plaintiffs can show Defendants' actions violated Plaintiffs' Fourteenth Amendment Substantive Due Process Rights, Plaintiffs will likely succeed on this cause of action.

**4. Negligence**

To state a negligence claim, a plaintiff must show: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Scialabba v. Brandise Constr. Co., Inc.*, 112 Nev. 965, 921 P.2d 928, 930 (1996) (citation omitted). The Nevada Supreme Court has expressly stated that a special or heightened duty exists between teachers and students in *Lee v. GNLVCorp.*, 117 Nev. 291, 22 P.3d 209 (2001). "This court… has stated that, where a special relationship exists between the parties, such as with [a]… teacher-student…, an affirmative duty to aid others in peril is imposed by law. See *Sims v. General Telephone & Electronics*, 107 Nev. 516, 526, 815 P.2d 151, 157-58 (1991) (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts, § 56, at 376). The California Supreme Court explained the rationale behind the special teacher-student relationship, and the basis for the duty of schools, school districts and school personnel to protect students placed in their care. A school district and its employees have a special relationship with the district's pupils, a relationship arising from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel, "analogous in many ways to the relationship between parents and their children." (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 935, 80 Cal.Rptr.2d 811, 968 P.2d 522, see *M.W. v. Panama Buena Vista Union School Dist.* (2003) 110 Cal.App.4th 508, 517, 1 Cal.Rptr.3d 673; *Leger v. Stockton Unified School Dist.*, (1988) 202 Cal.App.3d at 1448,1458-1459, 249 Cal.Rptr.

688). Because of this special relationship, imposing obligations beyond what each person generally owes others under Civil Code section 1714, the duty of care owed by school personnel includes the duty to use reasonable measures to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally. In Nevada[3], the Legislature has made a clear and unmistakable statement that school districts have an unequivocal responsibility to protect the students placed in their care, particularly when they have been made aware of a specific danger to specific students.

Defendants breached their heightened duty of care to R.E. by failing to adequately protect her from Hawes. This deprived her of a safe and respectful learning environment. As a proximate result of Defendants' negligence acts and omissions, R.E. suffered immediate and irreparable injury, including physical, psychological, and emotional injury. R.E. is currently seeing a psychiatrist and a therapist to seek to repair the damages caused by Defendants. As Plaintiffs can show a prima facie case for Negligence, Plaintiffs will likely succeed on this cause of action.

**5. Negligent Supervision**

In Nevada, in the case of hiring an employee, the employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions. *See* 27 Am.Jur.2d *Employment Relationship* §§ 475–76 (1996). Further, school districts have a responsibility to supervise their employees and move to suspend or revoke their licenses[4] if they violate the law[5]. A teacher can also have their initial or renewal license denied for conviction of an offense involving moral turpitude (like the ones discussed below in Negligence Per Se) or even just a substantiated report of abuse of a child.[6] Additionally, a teacher can have their work conditions impacted, up to and including termination, by a substantiated report of abuse of a child.[7] The Nevada Legislature was so concerned about this

---

[3] See NRS 388.121-1459.
[4] See NRS 391.322.
[5] See NRS 391.330.
[6] See NRS 391.033(6).
[7] See NRS 391.104.

that it prohibited any agreement which "affects the ability to obtain or provide information relating to suspected abuse or sexual misconduct."[8]

CCSD is required to supervise its teachers in compliance with the above laws. CCSD breached its duty to Plaintiffs as Hawes reviewed, approved, edited, helped rewrite, and required R.E. to read, memorize, and perform the pornographic monologue in front of her whole class. At any point, Hawes could have prevented this pornographic material from getting into the hands of children, but she refused. When confronted about this, Walker and CCSD did nothing. In fact, CCSD and one of CCSD's trustees even went so far as to attack E.R. publicly for bringing Defendants' actions to light. As Plaintiffs can show a prima facie case for Negligence Supervision, Plaintiffs will likely succeed on this cause of action.

**6. Negligence Per Se: Violations of N.R.S.**

In *Barnes v. Delta Lines*, 669 P.2d 709, 710 (1983), the Nevada Supreme Court held that "when a defendant violates a statute which was designed to protect a class of persons to which the plaintiff belongs, and thereby proximately causes injury to the plaintiff, such a violation constitutes negligence per se." See also, *Brannan v. Nevada Rock & Sand Co.*, 108 Nev. 23, 27, 823 P.2d 291, 293 (1992); *Atkinson v. MGM Grand Hotel*, 120 Nev. 639, 643 98 P.3d 678, 680 (2004). The U.S Supreme Court has "recognized that there is a compelling interest in protecting the physical and psychological well-being of minors. This interest extends to shielding minors from the influence of literature that is not obscene by adult standards. *Ginsberg v. New York,* 390 U.S. 629, 639–640, 88 S.Ct. 1274, 1280–81, 20 L.Ed.2d 195 (1968); *New York v. Ferber,* 458 U.S. 747, 756–757, 102 S.Ct. 3348, 3354–55, 73 L.Ed.2d 1113 (1982)."*Sable Communications of California, Inc. v. F.C.C.*, 109 S. Ct. 2829, 2836 (1989).

Defendants violated NRS 200.508 (Abuse, neglect or endangerment of child), NRS 200.710 (Unlawful to use minor in producing pornography or as subject of sexual portrayal in performance), NRS 200.720 (Promotion of sexual performance of minor unlawful), NRS 201.230

---

[8] See NRS 391.920.

(Lewdness with child under 16 years), and NRS 201.265 (Distributing harmful materials to minors) in their effort to force R.E. to complete their obscene performance of the pornographic monologue. All of the statutes were designed to protect minors, which the US Supreme Court has recognized that there is a compelling interest to do so. R.E. is a minor and was damaged by Defendants actions, which violated the above statutes. She is currently seeing a psychiatrist and a therapist in an attempt to handle what was done to her. As Plaintiffs can show a prima facie case for Negligence Per Se, Plaintiffs will likely succeed on this cause of action.

**7. Violation of Title IX - 20 USC § 1681(A)**

20 USC § 1681(A) provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." The U.S. Supreme Court held in *Cannon v. University of Chicago* that Title IX is enforceable through an implied private right of action. 441 U.S. 677, 709, 99 S.Ct. 1946, 1964, 60 L.Ed.2d 560 (1979). "A teacher or other school employee's sexual harassment or sexual abuse of a student clearly constitutes discrimination under Title IX." *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 75, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). Liability is only appropriate for damages arising from the misconduct of the federal funding recipient in handling the problem of sexual harassment or abuse. *Davis v. Monroe County Board of Educ.,* 526 U.S. 629, 641, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). Plaintiffs must establish: "(1) That a school official, who at a minimum had authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf (2) had actual knowledge of the discrimination; and (3) that the school official's response failed to bring the violator into compliance and amounted to deliberate indifference to discrimination." *See Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 277, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998)*, and *Davis v. Monroe County Board of Educ.,* 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). If an institution either fails to act, or acts in a way which could not have reasonably been expected to remedy the violation, then the institution is liable for what amounts

13

to an official decision not to end discrimination. *Gebser,* 524 U.S. at 290, 118 S.Ct. 1989. In cases of teacher-student harassment, Plaintiffs are not required to show "that a student was denied equal access to education." *Doe A. v. Green*, 298 F. Supp. 2d 1025, 1038 (D. Nev. 2004). As the U.S. Supreme Court expressly recognized "...that a student suffers extraordinary harm when subjected to sexual harassment and abuse by a teacher, and that the teacher's conduct is reprehensible and undermines the basic purposes of the educational system." *Gebser,* 524 U.S. at 292, 118 S.Ct. 1989.

CCSD is a recipient of federal funds and is therefore subject to Title IX requirements. Hawes' actions towards R.E., including the requiring of her reading, memorizing, and acting out the pornographic monologue and her assault and battery of R.E., constituted sexual harassment/sexual abuse. Walker and his superiors had actual knowledge of the sexual harassment/sexual abuse.  Walker, Hager, and Hawes were all employees of CCSD when this occurred and the harassment occurred during school time proving that CCSD exercised substantial control over them. In response to the sexual harassment/sexual abuse, CCSD acted with deliberate indifference as CCSD, and one of its Trustees, blamed R.E. for the sexual harassment/sexual abuse by claiming it was a "student-generated writing exercise." This was further enforced by Defendants blaming R.E. in a meeting with her parents stating that R.E. should have declined to complete the assignment. By publicly and privately blaming R.E., she has been subject to harassment with CCSD allies, including Twitter user @AnGeL_OF-cHaOs that goes by the moniker ThatB*tchSarah, saying that R.E. wrote it and attacking both her and her mother. Due to these actions, R.E. is currently seeing a psychiatrist and a therapist. As Plaintiffs can show CCSD violated Title IX, Plaintiffs will likely succeed on this cause of action.

**8. Assault/Battery**

To state a civil assault claim, a plaintiff must demonstrate that the defendant: (1) intended to cause harmful or offensive physical contact; and (2) the victim was put in apprehension of such contact. *See Sandoval v. Las Vegas Metro. Police Dep't*, 854 F.Supp.2d 860, 882 (D. Nev. 2012)

(citing Restatement (Second) of Torts, § 21 (1965) ), *reversed on other grounds by Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154 (9th Cir. 2014). To state a battery claim, a plaintiff must demonstrate that the defendant: (1) intended to cause harmful or offensive contact; and (2) such contact occurred. *See Burns v. Mayer*, 175 F.Supp.2d 1259, 1269 (D. Nev. 2001) (citing Restatement (Second) of Torts §§ 13, 18 (1965). CCSD is liable for intentional torts committed by its employees during their employment, even if it is clear that those acts were not authorized by the School District. *Doe A. v. Green*, 298 F. Supp. 2d 1025, 1042 (D. Nev. 2004).

Here, after Plaintiffs reported Hawes' actions to Walker, the principal forced R.E. into a room with Hawes alone. Once there, Hawes verbally attacked R.E., so much that she was crying. It was during that meeting that Hawes intended and caused harmful and offensive contact with R.E. - thereby re-abusing her. CCSD is liable for Hawes' assault and battery of R.E. and Walker's intentional or grossly negligent assistance with that abuse. As Plaintiffs can show a prima facie case for Assault and Battery, Plaintiffs will likely succeed on this cause of action.

## 9. Defamation Per Se

In order to establish defamation, "a party must prove four factors: that there was a false statement about them, that it was published to a third party without privilege, that there was fault on the part of the publisher, and that it was either a per se defamation or that the defamation caused special harm." *Meyer v. Johnson*, 125 Nev. 1061, 281 P.3d 1201 (2009). "A statement is defamatory when it would tend to lower the subject in the estimation of the community, excite derogatory opinions about the subject, and hold the subject up to contempt." *K-Mart Corp. v. Washington*, 109 Nev. 1180, 1191, 866 P.2d 274, 281–82 (1993). "Certain classes of defamatory statements are considered so likely to cause serious injury to reputation and pecuniary loss that these statements are actionable without proof of damages. The four types of slander historically designated as defamatory *per se* are false statements made involving: (1) the imputation of a crime; (2) the imputation of having a loathsome disease; (3) imputing the person's lack of fitness for trade, business, or profession; and (4) imputing serious sexual misconduct. *See Carey v. Piphus*, 435

U.S. 247, 262 n. 18, 98 S.Ct. 1042, 1052 n. 18, 55 L.Ed.2d 252 (1978); *Branda v. Sanford,* 97 Nev. 643, 646, 637 P.2d 1223, 1225 (1981). No proof of any actual harm to reputation or any other damage is required for the recovery of damages for these four kinds of slander. W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 112, at 788 (5th ed. 1984). Otherwise stated, proof of the defamation itself is considered to establish the existence of some damages, and the jury is permitted, without other evidence, to estimate their amount." *K-Mart Corp. v. Washington*, 109 Nev. 1180, 1192–93, 866 P.2d 274, 282 (1993). (Internal quotation marks omitted).

Twitter user @AnGeL_OF-cHaOs, who upon information and belief is a CCSD employee, repeatedly stated on twitter that R.E. wrote the pornographic monologue assignment, which is a lie.

Despite be corrected by others, Twitter user @AnGeL_OF-cHaOs continued to make this false statement and even attacked Candra Evans multiple times calling her a liar. As the obscene monologue assignment violated several laws (NRS 200.508, NRS 200.710, NRS 200.720, NRS 201.265), Twitter user @AnGeL_OF-cHaOs' statements amount to claiming that R.E., a minor and non-public figure, is a criminal, which is defamation per se. As Plaintiffs can show a prima facie case for Defamation Per Se, Plaintiffs will likely succeed on this cause of action.

**10. Respondeat Superior**

"[R]espondeat superior liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment." *Molino v. Asher,* 96 Nev. 814, 817, 618 P.2d 878, 879 (1980). "Under respondeat superior, an employer may be held liable for both negligent and intentional acts of employees." *See, e.g., Busch v. Flangas,* 108 Nev. 821, 824, 837 P.2d 438, 440 (Nev.1992) (negligence); *Rockwell v. Sun Harbor Budget Suites,* 112 Nev. 1217, 1225, 925 P.2d 1175, 1180 (Nev.1996) (intentional tort); *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1266 (D. Nev. 2001).

Here, as shown above, Walker, Hager, and Hawes have committed negligent and intentional acts harming Plaintiffs. At all relevant times, Walker, Hager, and Hawes were CCSD

employees and under the control of CCSD. Further, Walker, Hager, and Hawes all acted within the scope of their employment as the acts occurred at their place of employment, LVA (a CCSD high school) during school hours. Therefore, CCSD is responsible for the acts of Walker, Hager, and Hawes. As Plaintiffs can show a prima facie case for respondeat superior, Plaintiffs will likely succeed on this cause of action.

## C. Public Interest and the Balance of Potential Hardship Weigh in Favor of Plaintiffs

The hardships on Defendants will be next to nothing as the action requested by Plaintiffs already comply with normal expectations. As Defendants, they should not be retaliating, meeting with or discussing this case with R.E. Further, Defendants already say that they do not comment on pending litigation.

The hardships for Plaintiffs are plentiful. R.E.'s health and safety are worth protecting. Without the preliminary injunction, Defendants are likely to again ignore the wishes of R.E.'s parents and place R.E. in harm's way. Defendants have already shown a tendency to meet with R.E. without permission and to place her alone in unsafe situations. Barring removing R.E. from LVA, Plaintiffs do not have any other viable way to protect R.E. when she is placed in Defendants control, except for asking this Court to enjoin the Defendants. With a preliminary injunction, Plaintiffs would be able to enforce protections for R.E. and require Defendants to honor their previous promises. R.E. mental health and physical safety can be protected by this Court granting these protections, otherwise R.E. effectively has no protection when in Defendants control.

It is in the public interest that parent rights and student protection be enforced. Both of these are at issue here where a multi-billion dollar government agency and its agents have harmed one of their students. Just because R.E. is in Defendants control multiple times each week due to

///

///

///

///

Nevada law's compulsory education law,[9] it should not mean that R.E. loses her right to safety[10] or that R.E.'s parents lose their parental rights.[11] As it is in the public interest and the balance of the hardship weigh in favor of the Plaintiffs, Plaintiffs request that this Court grant its Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction.

## V.    Conclusion

For the reasons given herein, Plaintiffs request this Court grant their ex parte request for a temporary restraining order and motion for preliminary injunction. In so doing, Plaintiffs request that the Court order that Defendants be barred from speaking about this case in a way that will identify or tend to identify R.E. Further, Plaintiffs request that Kelly Hawes, Joshua Hager, and Scott Walker be restrained from meeting with, talking to, or otherwise interacting with R.E. Further, Plaintiffs request that Defendants be prohibited from meeting with, discussing this case, or retaliating against R.E.

DATED this 16th day of December, 2022.

LEX TECNICA LTD

/s/ Vincent J. Garrido
VINCENT J. GARRIDO, ESQ.
Nevada Bar No. 15918
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorney for Plaintiffs*

---

[9] See NRS 392.040(1).

[10] The Nevada Supreme Court has expressly stated that a special or heightened duty exists between teachers and students in *Lee v. GNLV Corp.*, 117 Nev. 291, 22 P.3d 209 (2001). "This court… has stated that, where a special relationship exists between the parties, such as with [a]… teacher-student…, an affirmative duty to aid others in peril is imposed by law. See *Sims v. General Telephone & Electronics*, 107 Nev. 516, 526, 815 P.2d 151, 157-58 (1991) (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts, § 56, at 376).

[11] The U.S. Supreme Court has held that the right of parents to make decisions concerning the care, custody, and control of their children is a fundamental liberty interest protected by the Due Process Clause. *See Troxel v. Granville,* 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality opinion) ("[I]t cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.").

# EXHIBIT A

1

**LEX TECNICA LTD**
VINCENT J. GARRIDO, ESQ.
Nevada Bar No. 15918
10161 Park Run Drive
Suite 150
Las Vegas, Nevada 89145
vince@lextecnica.com
*Attorneys for Plaintiffs*

2

3

4

5

6                          **EIGHTH JUDICIAL DISTRICT COURT**

7                              **CLARK COUNTY, NEVADA**

8                                            * * *

9    CANDRA EVANS, individually and as parent          CASE NO.:  A-22-862740-C
     to R.E., TERRELL EVANS, individually and          DEPT. NO.:  XIII
10   as parent to R.E.,

11

12           Plaintiffs,

     vs.
13
     KELLY   HAWES,   JOSHUA   HAGER,
14   SCOTT    WALKER,    JESUS    JARA
     CLARK COUNTY SCHOOL DISTRICT;
15   and DOES 1 through 100; ROE ENTITIES
     11 through 200, inclusive,
16
17           Defendants.

18                            <u>**DECLARATION OF VINCENT J. GARRIDO**</u>

19

20           VINCENT J. GARRIDO declares as follows:

21           1.      I, VINCENT J. GARRIDO, am an attorney licensed to practice law in the state of

22   Nevada and represent Plaintiffs in this case; I am otherwise fully competent to testify to the

23   facts contained in this declaration.

24           2.      I make this declaration based on my personal knowledge, except where stated upon

25   information and belief, and as to those matters I believe them to be true.

26

27   ///

28
                                                   1

**LEX TECNICA LTD**
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NV 89145
(702) 518-5535

LEX TECNICA LTD
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NV 89145
(702) 518-5535

3.     On December 16, 2022, I caused Plaintiffs' Verified Complaint and Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction to be filed with this Court.

4.     Also, on December 16, 2022, I called the general contact number for CCSD (702-799-CCSD) twice and I sent an email to Phoebe Redmond, Esq., an attorney for CCSD who I believe will be counsel for Defendants, regarding Plaintiffs' Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction in compliance with NRCP 65(b)(1).

5.     As further explained in Plaintiffs' filing, the reason why short or no notice was or should be provided to Defendants is that they have shown indifference to the safety of R.E. in the past.

6.     Defendants' previous promises of protecting R.E. were not kept and in fact, Defendants isolated her and further traumatized her.

7.     The filing of Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction was specifically timed to permit time for this Court to act while R.E. is on winter break.

8.     Plaintiffs do not and cannot trust that Defendants will not further traumatize R.E., a minor, and so request that this Court grant their Ex Parte Application for Temporary Restraining Order.

9.     I declare under penalty of perjury that the foregoing and correct. Further your affiant sayeth not.

Dated this 16th day of December, 2022.

/s/ Vincent J. Garrido
VINCENT J. GARRIDO

2

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEX TECNICA LTD**
VINCENT J. GARRIDO, ESQ.
Nevada Bar No. 15918
10161 Park Run Drive
Suite 150
Las Vegas, Nevada 89145
vince@lextecnica.com
*Attorneys for Plaintiffs*

**LEX TECNICA LTD**
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NV 89145
(702) 518-5535

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

CANDRA EVANS, individually and as parent to R.E., TERRELL EVANS, individually and as parent to R.E.,

        Plaintiffs,

vs.

KELLY HAWES, JOSHUA HAGER, SCOTT WALKER, JESUS JARA CLARK COUNTY SCHOOL DISTRICT; and DOES 1 through 100; ROE ENTITIES 11 through 200, inclusive,

        Defendants.

CASE NO.:  A-22-862740-C
DEPT. NO.:  XIII

**TEMPORARY RESTRAINING ORDER**

       Upon reading the Plaintiffs' verified Complaint, together with the Affidavit of Plaintiffs' counsel, it appears to the Court that this is a proper instance for the issuance of a Temporary Restraining Order without notice. Plaintiffs have shown that immediate and irreparable injury will occur before notice can be served and a hearing can be had on Plaintiffs request for a preliminary injunction and that they have a reasonable likelihood of success on the merits. Further, the potential hardships to the parties and public interest favor the granting of Plaintiff's Ex Parte Application for Temporary Restraining Order due to the continuing nature of the activities of Defendants and the lack of potential injury to the Defendants as opposed to the

1

likelihood of injury to Plaintiffs and that unless enjoined pending a further hearing, R.E. will not be protected from Defendants actions. Good cause appearing therefore,

**IT IS HEREBY ORDERED** that the above-named Defendants, their agents, servants, employees, and attorneys and those persons in active concert or participation with those who receive actual notice of this Order by personal service or otherwise, shall NOT speak publicly or communicate about this case including, but not limited to, print and broadcast media, on-line or web-based communications, or inviting the public to view existing on-line or web-based publications in any way that shall contain the name of the Child or other information, which would tend to identify the Child.

**IT IS FURTHER ORDERED** that the above-named Defendants, their agents, servants, employees, and attorneys and those persons in active concert or participation with those who receive actual notice of this Order by personal service or otherwise, shall NOT direct or encourage third parties to speak publicly or communicate about this case including, but not limited to, print and broadcast media, online or web-based communications, or inviting the public to view existing online or web-based publication in any way that shall contain the name of the Child or other information, which would tend to identify the Child.

**IT IS FURTHER ORDERED** that this Order does not prohibit any party or counsel from publicly speaking or expressing an opinion about the Judge, including disclosing the entry of this Order of Court. However, such expression shall NOT contain R.E.'s name or other information, which would tend to identify the R.E.

**IT IS FURTHER ORDERED** that Kelly Hawes, Joshua Hager, and Scott Walker be restrained from meeting with, talking to, or otherwise interacting with R.E.

**IT IS FURTHER ORDERED** that the above-named Defendants, their agents, servants, employees, and attorneys and those persons in active concert or participation with those who

LEX TECNICA LTD
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NV 89145
(702) 518-5535

2

LEX TECNICA LTD
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NV 89145
(702) 518-5535

receive actual notice of this Order by personal service or otherwise, be prohibited from meeting with, discussing this case, or retaliating against R.E.

     **IT IS FURTHER ORDERED** that this Order shall expire within fourteen (14) days after entry, unless within such time the Order, for good cause shown, is extended, or unless the Defendants consent that it may be extended for a longer period.

     **IT IS FURTHER ORDERED** that Plaintiffs are required to post a nominal bond as Defendants will incur no damages if they were wrongly enjoined.

     **IT IS FURTHER ORDERED** that Plaintiffs will serve Defendants with this Temporary Restraining Order within 48 hours of receiving notice that it has been issued.

     **IT IS FURTHER ORDERED** that Defendants' response to Plaintiffs' Motion for Preliminary Injunction will be due on the ____ day of _____ , 2022.

     **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction be set for hearing on the ____ day of _____ , 2022, at the hour of _____ a.m./p.m., in Department No. _____ of the above-named Court.

     ISSUED at _____ a.m./p.m.

                           _____

Respectfully submitted by:
**LEX TECNICA LTD**
/s/ Vincent J. Garrido          .
VINCENT J. GARRIDO, ESQ.
Nevada Bar No. 15918
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorney for Plaintiffs*

3