UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Candra Evans, et al., | Case No.: 2:22cv-02171-JAD-VCF |
|---|---|
| Plaintiffs<br>v.<br>Kelly Hawes, et al.,<br>Defendants | **Order Denying Temporary Restraining Order and Setting Preliminary Injunction Hearing**<br><br>[ECF Nos. 4, 5] |

Plaintiffs move for a temporary restraining order (TRO) and preliminary injunction (PI) against Defendants Kelly Hawes, Joshua Hager, Scott Walker, Jesus Jara, and the Clark County School District (CCSD)[1] to prevent the defendants from "speaking about this case in a way that will identify or tend to identify R.E.," a minor, and restrain Hawes, Hager, and Walker from "meeting with, talking to, or otherwise interacting with R.E."[2] I deny plaintiffs' motion for a TRO because they have not met their burden to show that such relief is warranted, and I set a briefing schedule and hearing on their PI motion.

---

[1] Plaintiffs also name Doe defendants in their complaint and include facts about one of those unnamed Doe defendants in their TRO and PI motions. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 687 (9th Cir. 1956) ("[N]o[t] one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of" naming fictitious defendants and "no justification can be found therein" for the practice); *Wood v. Worachek*, 437 F. Supp. 107, 110 (E.D. Wis. 1977) (noting that "a district court does not have jurisdiction over unnamed defendants unless they have been served with a summons and a copy of the complaint"). So this order concerns only the plaintiffs and defendants—CCSD, Jara, Hawes, Hager, and Walker—named in this case.

[2] ECF No. 4 at 7–8.

## Background[3]

In March 2022, a Las Vegas Arts Academy (LVA) student, identified in the complaint as R.E., was assigned by LVA teacher Kelly Hawes a monologue reading that contained explicit language.[4] When R.E.'s mother, plaintiff Candra Evans, discovered the assignment, she and her husband complained to assistant principal Joshua Hager.[5] Hager agreed that the assignment was inappropriate and promised to investigate.[6] Evans requested that Hager speak to R.E. about the assignment only with a female administrator present, but Hager spoke to the student alone.[7] When Hager failed to follow up with R.E.'s parents about the incident, they arranged additional meetings with school officials, including LVA's principal Scott Walker, and requested that "no one at LVA speak with R.E. about the matter unless [Evans] was present."[8] Despite that request, Walker "pulled R.E. out of her class and met with her alone," "told R.E. to not talk to anyone about their meeting," and then "brought R.E. to Hawes'[s] classroom and left her there alone with Hawes."[9] Plaintiffs allege that, in that meeting, Hawes "verbally attacked R.E.," made her cry, and "initiated an offensive contact with R.E."[10] When Evans learned of this meeting, she

---

[3] These facts are taken from the plaintiffs' complaint and motions and are not intended as findings of fact. And I focus only on the facts relevant to the relief plaintiffs seek in their TRO and PI motions.
[4] ECF No. 1-1 at ¶ 11.
[5] *Id.* at ¶¶ 20–22.
[6] *Id.* at ¶ 23.
[7] *Id.* at ¶¶ 25–26.
[8] *Id.* at ¶ 42.
[9] *Id.* at ¶¶ 63–66.
[10] *Id.* at ¶¶ 68, 72.

requested that Walker "put someone in Hawes'[s] classroom whenever R.E. was there for her safety."[11]  Walker "said he would try, but made no promises."[12]

On December 16, 2022, plaintiffs filed a complaint in state court alleging that Hawes, Walker, Hager, and CCSD violated the First and Fourteenth Amendment and Title IX of the Educational Amendments Act by "requiring R.E. to read, memorize, and act . . . out" a "pornographic monologue" and allowing R.E. to be in a room alone with Hawes.[13]  They also alleged state-law negligence, intentional- and negligent-infliction-of-emotional-distress, negligence, negligent-supervision, "assault/battery," and defamation claims against various defendants.  Defendants removed the case to this court on December 29, 2022.  Plaintiffs now move for a TRO and PI barring the defendants from "speaking about the case in a way that will identify or tend to identify R.E." and restraining Hawes, Hager, and Walker "from meeting with, talking to, or otherwise interacting with or retaliating against R.E."[14]

**Discussion**

The legal standard for issuing a TRO and the legal standard for preliminary injunctive relief are "substantially identical."[15]  Both remedies are "extraordinary" ones "never awarded as of right."[16]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that

---

[11] *Id.* at ¶ 76.
[12] *Id.*
[13] *Id.* at ¶¶ 90–113.
[14] ECF No. 4 at 4, 8.
[15] *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").
[16] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

3

the balance of equities tips in [their] favor, and that an injunction is in the public interest."[17] The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[18] Under either approach, the starting point is a merits analysis. But, "in deciding a motion for a preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact."[19]

Plaintiffs characterize their TRO motion as one requesting a "gag order," otherwise known as a prior restraint. Prior restraints necessarily implicate First Amendment rights to free speech and so are "subjected to strict scrutiny because of the peculiar dangers presented by such restraints."[20] Courts may enter such an order only when the party seeking it "establishes that: (1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest; (2) the order is narrowly drawn; and (3) less restrictive alternatives are not available."[21]

Plaintiffs have not shown a likelihood of any harm to a protected interest tied to its request that the defendants not speak about this case in a way that may identify R.E or discuss this case directly with R.E. Plaintiffs do not present any evidence or argument in their TRO

---

[17] *Id.* at 20.

[18] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[19] *See Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986).

[20] *Levine v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 764 F.2d 590, 595 (9th Cir. 1985).

[21] *Id.* (cleaned up).

motion showing that the district is likely to speak about this case at all. Indeed, in their PI motion, plaintiffs note that "defendants already say that they do not comment on pending litigation."[22] Plaintiffs have not met their burden to show that it is likely that any defendants may attempt to discuss the lawsuit with R.E. or anyone else. So plaintiffs have failed to show that any restraint is necessary to prevent CCSD from speaking about this case in a manner that would identify R.E.

Further, plaintiffs tie their concerns about having Walker, Hager, and Hawes interact with R.E. to their failure to adhere to her parents' requests to be present when school officials communicate with the student.[23] Plaintiffs do not identify any law, school rule, or other authority mandating that school officials comply with such a request. And none of the allegations against Walker or Hager involve harassment or other actions against R.E. besides not complying with the parents' demands. So plaintiffs have not met their burden at this stage to warrant an order prohibiting Walker or Hager from interacting with R.E.

As to Hawes, plaintiffs have not met their burden to show that the relief they seek—barring Hawes from meeting with, talking to, or otherwise interacting with R.E.—is necessary to prevent future irreparable harm. Plaintiffs do not allege that Hawes would attempt to force R.E. to read, memorize, or perform any other explicit material, or that there is any threat of continuing harassment or contact from Hawes. And their allegations of assault and battery are merely conclusory recitations of a legal element of those claims: i.e., that Hawes "initiated an offensive contact."[24] Such bare allegations are insufficient to satisfy plaintiffs' high burden to show that

---

[22] ECF No. 5 at 20.

[23] *See* ECF No. 4 at 6–7.

[24] ECF No. 1-1 at ¶ 72; *see id.* at ¶ 149 (noting that assault and battery requiring a showing of the intent or occurrence of "harmful or offensive contact").

they are likely to succeed on the merits against Hawes as to the claims that may otherwise warrant a restraint against the interaction between Hawes and R.E.

Despite the incendiary language and serious accusations leveled at CCSD and its employees in the complaint and motions, plaintiffs have failed to demonstrate any legal entitlement to the relief they seek at this TRO stage. However, the additional arguments presented in their PI motion warrant a response from the defendants before it can be ruled on. So I set a briefing schedule and hearing on the PI motion.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary restraining order **[ECF No. 4] is DENIED**.

IT IS FURTHER ORDERED that plaintiffs' motion for a preliminary injunction **[ECF No. 5]** will be heard at **10:00 a.m. on Tuesday, January 24, 2023**, in Courtroom 6D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101. Defendants have until **Tuesday, January 17, 2023, to file a response** to the motion for preliminary injunction. Plaintiffs have until **Friday, January 20, 2023, to file any reply**.

_____
U.S. District Judge Jennifer A. Dorsey
January 9, 2023