MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
TAMI D. COWDEN
Nevada Bar No. 08994
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: ferrariom@gtlaw.com
    hendricksk@gtlaw.com
    cowdent@gtlaw.com
*Counsel for CCSD Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CANDRA EVANS, individually and as parent to R.E., TERRELL EVANS, individually and as parent to R.E.,<br><br>Plaintiff,<br><br>v.<br><br>KELLY HAWES, JOSHUA HAGER, SCOTT WALKER, JESUS JARA CLARK COUNTY SCHOOL DISTRICT; and DOES 1 through 100; ROE ENTITIES 11 through 200, inclusive<br><br>Defendants. | CASE NO. 2:22-cv-02171-JAD-VCF<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendants Clark County School District ("CCSD"), Kelly Hawes ("Hawes"), Joshua Hager ("Hager"), Scott Walker ("Walker"), and Jesus Jara ("Jara") (Hawes, Hager, Walker, and Jara will be referred to herein as "Individual Defendants" and collectively with CCSD as the "CCSD Defendants"), by and through their counsel of record, the law firm of Greenberg Traurig, LLP, hereby submits this Reply in Support of their Motion to Dismiss (ECF No. 08).

/ / /

/ / /

1

This Reply is based on the following Memorandum of Points and Authorities, the papers and pleadings on file, and any oral argument this Court may entertain at the time of hearing.

Respectfully submitted this 31st day of January 2023.

GREENBERG TRAURIG, LLP

By: */s/ Kara B. Hendricks*
MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
TAMI D. COWDEN
Nevada Bar No. 08994
*Counsel for the CCSD Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs failed to allege facts sufficient to state plausible causes of action. Their Response in Opposition to the Motion to Dismiss (ECF No. 17) ("Opposition") also fails to state reasons why the claims should not be dismissed and primarily regurgitates the same legal and factual allegations contained in the Complaint, but in non-numbered paragraphs.

The entirety of Plaintiffs' claims are premised on the conclusory assertions that the contents of the student-written monologue that R.E. performed as part of an in-class assignment were "pornographic" or otherwise universally offensive, which allegations are belied by the contents of the monologue.[1] Moreover, wholly absent from the Complaint is an allegation that R.E., at any time, objected to completing the assignment.[2] Just as repetition of the allegations cannot render them sufficient to satisfy the pleading standards, Plaintiffs' impassioned repetition of the hyperbole in the Opposition cannot transform conclusory adjectives into factual assertions.

---

[1] The complaint contains uses the conclusory descriptors "pornographic" and "pornography" a total of 28 times; "sexual" and "sexually" 21 times; "obscene" and "obscenely" 16 times, "disgusting" 7 times; "violent" 2 times.

[2] To the contrary, Plaintiffs acknowledge the lack of objection from R.E. *See* Complaint, ¶ 35. Furthermore, the Complaint contains no allegations that R.E. suffered any distress from the performance of the monologue in the time between the performance and her mother's discovery of the monologue a month later, or indeed, during the month between such discovery and her mother's appearance at the School Board meeting.

In order for this litigation to proceed on the facts alleged by Plaintiffs, this Court would have to conclude that allowing a sophomore high school student to perform a self-selected monologue, in a theatre class, about a college-aged woman's self-discovery constituted not only a violation of Nevada law, but also, violated R.E.'s *unexpressed* first amendment rights.  The contents of the monologue do not support such a finding.  Moreover, the allegations contained in Plaintiffs' Complaint are insufficient to state a plausible cause of action.  Accordingly, the Motion to Dismiss should be granted.

## II.   LEGAL ARGUMENT

Plaintiffs have failed to allege facts sufficient to state plausible causes of action and accordingly, the Complaint must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding a motion to dismiss should be granted where a plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face"). Twombly's "facial plausibility" standard requires plaintiffs to allege facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  Here, the nonconclusory facts, even when considered in the light most favorable to plaintiffs, fail to show any plausibly violation of federal rights or state law.  Nor are they sufficient to satisfy the elements of Plaintiffs' state law tort claims. Accordingly, the Complaint should be dismissed.

### A.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ON THE FEDERAL CLAIMS ASSERTED.

#### 1.   Plaintiffs' First Amendment Claim Based On R.E.'s Performance of the Monologue Fails.

The Complaint does not state facts sufficient to state a claim for compelled speech.  While the first amendment prohibits students from being compelled to state a belief they do not hold, there are no facts here to show that R.E. was required to express that she held any specific personal belief. S*ee, W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 631 (1943).  To the contrary, the assignment here was to perform a fictional scene. As shown by the ample precedent cited by Defendants in their Motion, pp 8-11, schools do not violate the constitution by requiring  students to comply with assignments that have a legitimate pedagogical purpose. *See, e.g., Brown v. Li*, 308 F.3d 939, 953 (9th Cir. 2002) ("[A] teacher may require a student to write a paper from a particular viewpoint, even

3

if it is a view-point with which the student disagrees, so long as the requirement serves a legitimate pedagogical purpose."). Here, there is legitimate pedagogical purpose relating to an assignment to perform a monologue in a high school theatre class.

Plaintiffs attempts to distinguish the precedent cited by Defendants, based on the age of the student or the nature of the purportedly compelled speech, are unavailing. Notably, the constant repetition that the scene in question was pornographic cannot make it so. Similarly, the repeated references to R.E. as a child cannot transform a teenager interested in pursuing a career in the performing arts into a toddler. Here, fifteen-year-old R.E. selected a scene in which she portrayed a college-aged woman addressing issues of self-discovery to perform in a theatre class. She did so without protest. No first amendment violation can be shown from these facts.

> 2. **The Complaint Fails to Establish a Viable Claim Under the First Amendment as to Candra Evans.**

To the extent Plaintiffs' First Amendment claim is based on Mrs. Evans' allegation that she was "prevented [] from speaking out in the assigned forum regarding the abuse," and "deprived of the ability to raise her concerns in the 'public comment' section of the" May 12, 2022 meeting of the CCSD Board of Trustees, Complaint, ¶¶95, 97, these allegations, including that Dr. Jara "cut her microphone" are shown to be false by the video recording of the Board of Trustee's meeting.[3] This Court may consider the video in determining this Motion as 1) Plaintiff refers to a video recording of her comments in the Complaint at ¶ 55, and 2) because this Court is entitled to consider evidence of which it may take judicial notice.[4] The Court may take judicial notice of this video recording as it was published by the school board.[5]

Plaintiffs contend that because Mrs. Evans was not permitted to recite the entirety of the contents of monologue, she was impermissibly "censored." However, it is permissible for a public forum to prohibit language that is based on content (i.e., vulgarity or here, due to "profanity") as

---

[3] See https://go.boarddocs.com/nv/ccsdlv/Board.nsf/Public, video recording at 25:18-28:32.

[4] *See Branch v. Tunnell*, 14 F. 3d 449, 454 (9th Cir. 1994); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

[5] See *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of [information displayed on school districts' public websites], as it was made publicly available by government entities (the school districts)."

4

1  opposed to viewpoint. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829-30 (1995);
2  *Ballard v. Patrick*, 163 F. App'x 584, 584-85 (9th Cir. 2006) (finding county board meeting regulation
3  prohibiting profane, abusive, or slanderous speech constitutional).

4      Mrs. Evans was permitted to voice her opinion of the assignment given to her daughter.  As
5  such, Plaintiffs cannot maintain a cause of action under the First Amendment stemming from
6  Mrs. Evans' appearance at a CCSD Board meeting and dismissal is warranted.

7      **3.**    **Plaintiffs Failed to state a claim for Violation of the Fourteenth Amendment.**
8  

9      Plaintiffs have not alleged facts that state a viable claim for violations of the Fourteenth
10 Amendment due process rights of either R.E. or her parents' Fourth Amendment Rights.  Contrary to
11 Plaintiffs' assertion in the Opposition, pp. 18-19, that R.E. was placed in danger:  the allegations that
12 R.E. was required to participate in a school assignment, and was later brought to meet with
13 Ms. Hawes, (of whom R.E. thought the world, according to Mrs. Evans'), do not state facts from
14 which it can plausibly be said R.E. was placed in danger.  Plaintiffs' Complaint fails to articulate how
15 a meeting with an assistant principal and/or a teacher to whose class the student was then currently
16 assigned violates the due process clause of the Fourteenth Amendment.

17     Nor have Plaintiffs alleged facts sufficient to show a violation of their parental rights.  In their
18 Opposition, Plaintiff contend that they have a right to prevent the commission of crimes against R.E.
19 Opposition, 19.  However, they have not alleged any facts showing that any crimes were committed.
20 Instead, they are claiming a violation of their due process rights based solely on their contention that
21 the nature of a class assignment violated a crime.  But, as discussed in more detail below, they have
22 failed to allege facts showing any violation of a state law, and more specifically the subject matter of
23 a monologue, not the assignment itself.

24     **4.**    **Plaintiffs' Claim for a Violation of Title IX – 20 USC § 1681(A) Fails.**

25     Plaintiffs' seventh cause of action asserts a violation of Title IX against CCSD.  Plaintiffs'
26 contention that requiring a performing arts student to perform a one paragraph scene in which she
27 portrays a lesbian constitutes sexual grooming and/or harassment simply cannot rise to the level of
28 plausibility needed for a claim to state a cause of action.  See *Iqbal*, 556 U.S. at 678.  Nor can the

allegation that R.E. was brought to a room to meet with Ms. Hawes rise to that level. A harassment claims would require, *inter alia,* allegations of " harassment because of sex that was; "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650, 119 S. Ct. 1661, (1999). These allegation do not meet the high mark necessary to state a claim for violation of Title IX allegations on the basis of harassment.

### 5. The Individual Defendants Have Qualified Immunity

Even if Plaintiffs could be said to have stated any of their federal claims with sufficient precision, the claims are barred as to the Individual Defendants because they are immune from damages under the doctrine of qualified immunity. Plaintiffs' contention that a motion for qualified immunity may not be decided at the pleading stage relies on outdated authority. *See Keates v. Kolie*, 883 F.3d 1228, 1235 (9th Cir. 2018) (discussing the standard of review for qualified immunity on a motion to dismiss). At the pleadings stage, the District Court considers "(1) whether taken in the light most favorable to the party asserting the injury, the facts alleged show the official conduct violated a constitutional right; and (2) if so, whether the right was clearly established." *Id.* at 1235 (citations omitted). These two prongs "raise legal issues" for a court to decide. *Plumhoff v. Rickard*, 572 U.S. 765, 773 (2014)

As shown above, no violation of a constitutional right has been sufficiently alleged. But even if there were sufficient pleading of a constitutional violation, qualified immunity would apply. Here, Plaintiffs have failed to cite any precedent that clearly establishes any of the following conduct constitutes a violation of federal rights:

- requiring student participation in an assignment containing vulgar language and/or to which the student does not voice any objection;
- meeting a student at school outside the presence of a parent, contrary to a parent's request;
- escorting a student to a meeting with a teacher to whose class a student was currently assigned, contrary to a parent's request;
- Meeting with a student currently assigned to a one's class;
- Speaking at the same time as a member of the public at a limited public forum.

6

Instead, here, as with all of Plaintiffs' claims, any conceivable viability of the claim depends upon Plaintiffs' conclusory premise that monologue in question is inherently harmful. But conclusory assertions to that effect cannot make it so. The bare allegations that conduct constituted constitutional violations do not suffice to state plausible claims for such violations.

### B. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ON STATE LAW CLAIMS

Plaintiffs have failed to show that their state law claims are viable under the *Twombly/Iqbal* standard. Nor have they shown that the Individual Defendants are not entitled to Discretionary Act Immunity. At the heart of Plaintiffs' state law claims (and indeed, also their federal claims) is the notion that R.E. was required to engage in a *pornographic* performance. However, in light of the facts alleged here, such a claim cannot be sustained under state law.

In Nevada, a pornographic performance requires either the actual or simulated performance of sexual conduct, or a sexual portrayal. See NRS 200.710 (defining the offense of using a minor in pornography to consist of using "a minor to simulate or engage in or assist others to simulate or engage in sexual conduct" or to use a minor or to cause a minor "to be the subject of a sexual portrayal.") The term "Sexual conduct" is statutorily defined as "sexual intercourse, lewd exhibition of the genitals, fellatio, cunnilingus, bestiality, anal intercourse, excretion, sado-masochistic abuse, masturbation, or the penetration of any part of a person's body or of any object manipulated or inserted by a person into the genital or anal opening of the body of another." NRS200.701(3). The term "sexual portrayal" means the depiction of a person in a manner which appeals to the prurient interest in sex and which does not have serious literary, artistic, political or scientific value." NRS 200.700(4). R.E.'s performance of the one paragraph monologue described in the complaint shows that none of these activities were part of the performance. Accordingly, the allegations here to do not support the claim that the performance was pornographic, nor any claims that depend on the performance having been pornographic.

/ / /

/ / /

/ / /

1.  **Plaintiffs' Claim for Intentional and Negligent Infliction of Emotional Distress Must be Dismissed.**

Plaintiffs' claims for Intentional Infliction of Emotion Distress fail to include facts sufficient to support the claims. To allege such a claim, Plaintiffs' were required to allege facts that showed, *inter alia*, extreme or outrageous conduct by the defendant, and that R.E. suffered emotional distress as a result. *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). To constitute "extreme and outrageous conduct" the alleged conduct must "outside all possible bounds of decency." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998). Here, there are no allegations that any defendant acted in an extreme and outrageous manner outside all bounds of possible decency.

The allegations related to Ms. Hawes conduct do not rise to this level. It cannot be plausibly stated that a performance of the student-drafted monologue could have been reasonably expected to traumatize the performer, particularly when no objection to the performance was raised. Beyond their conclusory characterizations of the monologue as pornographic, obscene, disgusting, and the like, Plaintiffs allege no facts that would even remotely support the conclusion that the assignment was intended, or foreseeably could have, caused several emotional distress. Similarly, the allegations regarding talking to R.E. outside her parent's presence, escorting her to a meeting with her teacher, or the teacher engaging in such a meeting do not describe conduct outside all bounds of decency. And the claim that Ms. Hawes "initiated an offensive contact" clearly does not rise to a level of extreme conduct.

Nor have Plaintiffs sufficiently alleged emotional distress. Here, it is notable that no distress by R.E. was alleged to have occurred at all until months after R.E.'s performance, *i.e.*, when Mrs. Evans began her complaints. *See* Complaint, ¶ 61. However, regardless of the true cause of any distress, in the absence of physical injury, there must generally be physical manifestations of the distress. *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010) (holding that a plaintiff must demonstrate that he or she suffered some physical manifestation of emotional distress). In *Friedman v. United States*, No. 2:18-CV-857 JCM (VCF), at *8 (D. Nev. Jan. 7, 2019), the Court found that allegations that a plaintiff "suffered "[p]hysical pain and suffering and extreme emotional trauma, suffering, and distress requiring the expenditure of money for treatment of the emotional distress"

were insufficient to state a claim for Intentional Infliction of Emotional Distress. See *Friedman*, No. 2:18-CV-857 JCM (VCF), at *8 (D. Nev. Jan. 7, 2019, *citing Bestsinger*, 232 P.3d at 436. Here, Plaintiffs allegations do not rise even to the level rejected in *Friedman*. Accordingly this claim should be dismissed.

### 2. The Complaint Fails to Adequately Allege Negligence

Plaintiffs' fourth claim for relief, for negligence, is premised on the notions that Ms. Hawes injured Plaintiff, and the remaining Defendants failed to prevent such harm. Complaint, ¶ 118. However, as shown in Part 5 below, the allegations for the claim of battery against Ms. Hawes is not alleged with sufficient facts to state a viable claim. No other physical injury is alleged. Nor as shown above, is the claim that R.E. was required to engage in a pornographic performance sufficiently alleged. Since there are no plausible allegations showing an injury to R.E. inflicted by Ms. Hawes, the claim that the remaining Defendants failed to protect R.E. from Ms. Hawes cannot survive. *Johnson v. Travelers Insurance Co.*, 89 Nev. 467, 472 (Nev. 1974) (a complaint must alleged facts sufficient to establish the essential elements of the claim). A failure to allege facts showing a breach of duty is fatal to a claim of negligence. *Turner v. Mandalay Sports Entm't*, 180 P.3d 1172, 1175, (2008) (stating elements for claim of negligence).

Dismissal is appropriate here because Plaintiffs did not meet their burden in pleading facts of that support claim of negligence.

### 3. Plaintiffs' Claim for Negligent Supervision Should be Dismissed.

For much the same reasons, the fifth cause of action, for negligent supervisions, must be dismissed. Negligent supervision claims require allegations that an employer knew or should have known of that an employee was likely to commit wrongdoing. *Peterson v. Miranda*, No. 2-11-cv-01919-LRH-PAL, 57 F. Supp. 3d 1271, 1280 (D. Nev. Sept. 29, 2014). Just as there are no allegations in the Complaint sufficient to show that Ms. Hawes actually harmed R.E., there are no allegations showing that the remaining defendants were aware of any purported wrongdoing by Ms. Hawes to indicate that she might commit a wrong absent closer supervision. Even if it were assumed that the monologue assignment was an act of wrongdoing, there are no allegations that any similar incident had occurred previously. Nor are there allegations that Ms. Hawes had a history was known to

"initiate offensive contact," such that any of remaining defendants should have been supervising her more closely.

As it lacks factual allegations sufficient to demonstrate each essential element, Plaintiffs' claim for negligent supervision fails to state a claim upon which relief may be granted and should be dismissed.

### 4. Plaintiffs Failed to Assert Allegations Sufficient to Sustain their Claim for Negligence Per Se: Violations of N.R.S.

Plaintiffs' sixth cause of action, entitled "Negligence Per Se: Violations of N.R.S." fails as a matter of law as because under Nevada law, criminal statutes do not support negligence per se claims, unless the legislature manifests and intent to create civil liability. *Hinegardner v. Marcor Resorts, L.P.V*., 108 Nev. 1091, 1095-96, 844 P.2d 800, 803 (1992); *see also Bell v. Alpha Tau Omega*, 98 Nev. 109, 111, 642 P.2d 161, 162 (1982) ("[A]bsent evidence of legislative intent to impose civil liability we shall not conclude that a violation of a statute is negligence per se."). Plaintiffs' discussion of the U.S. Supreme Court caselaw upholding the constitutionality of statutes similar to the statutes cited in their sixth cause of action, *see* Opposition, does not alter the standard for the application of negligence per se in Nevada.

Furthermore, even if a criminal statute could give rise to a claim for negligence per se, Plaintiffs have not alleged facts sufficient to support any finding any of these laws were violated. As shown above, the performance of the monologue does not satisfy the elements for creating or depicting pornography under Nevada law, and therefore there are no facts showing violations of NRS 200.508, NRS 200.710, or NRS 200.720. Nor are their facts showing that R.E. "suffer[ed] unjustifiable physical pain or mental suffering" as a result of the performance, which suffering is a requirement for a violation of NRS 200.508.

To be guilty of NRS 201.230, the defendant must have committed a "lewd or lascivious act ... upon or with [the body or any body part] of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires." No allegations in the complaint reflect such conduct.

///

Finally, to be guilty of NRS 201.265, the defendant must have distributed "materials harmful to minors." In order to constitute "material harmful to minors, that material must have a description or representation of "nudity, sexual conduct, sexual excitement or sado-masochistic abuse which predominantly appeals to the prurient, shameful or morbid interest of minors, is patently offensive to prevailing standards in the adult community with respect to what is suitable material for minors, and is without serious literary, artistic, political or scientific value." The monologue recited in the Complaint does not fall within the statutory category of "materials harmful to minors".

### 5. Plaintiffs' Claim for Assault/Battery Should be Dismissed.

In their eighth claim for relief, Plaintiffs allege "Assault/Battery" against Hawes and CCSD. The Complaint alleges that Ms. Hawes "initiated an offensive contact with R.E" and "intended and caused offensive and harmful contact" with R.E  Complaint, ¶ 151  As stated in the Motion, sort of unadorned, "the-defendant-unlawfully-harmed-me accusation," is insufficient to satisfy the *Twombly/Iqbal* standard. *McIntosh v. Clark Cty. Sch. Dist.*, No. 2:17-cv-00490-JAD-NJK, 2017 U.S. Dist. LEXIS 146461, at *3 (D. Nev. Sep. 11, 2017).

In apparent recognition of the deficiency of their pleading, Plaintiffs contend that Ms. Hawes "reached out and grabbed" R.E.  Opposition, p. 9.  A complaint cannot be amended in an opposition to amotion to dismiss, and thus, this effort to bolster the allegations must fail. *Schneider v. California Department of Corr*, 151 F.3d 1194, 1197 (9th Cir. 1998) (addition to factual allegations contained in briefs opposing a motion to dismiss may not be considered in ruling on the motion).

### 6. The Complaint is Devoid of Any Factual Allegation as to Defendant Jesus Jara and he Should be Dismissed.

Plaintiffs contend that its allegations that Dr. Jara "cut" Mrs. Evan's microphone and spoke at the same time as she during the May 12, 2022 CCSD Board of Trustees Meeting are sufficient to support his inclusion as a defendant. However, the video recording of that meeting shows that Mrs. Evan was not prevented from speaking, but was merely prevented from using language that did not meet with the decorum of an official public meeting. Thus, even if it had been Dr. Jara who had

/ / /

/ / /

11

temporarily muted Mrs. Evans microphone, and advised her to avoid the use of offensive language in presenting her concerns,[6] no claim for a constitutional violation could arise from this conduct.

### 7. The Individual Defendants Are Entitled to Discretionary Immunity.

As shown above, the Individual Defendants are entitled to federal discretionary immunity. Plaintiffs have also failed to show that the Defendants are not also entitled to discretionary immunity under Nevada law. Under Nevada law, discretionary immunity applies when the decision (1) involves an "element of individual judgment or choice," and (2) is "based on considerations of social, economic, or political policy." *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1276 (Nev. 2017). It is not necessary that defendants consciously made policy decisions, so long as the decisions are susceptible to a policy analysis. *Martinez v. Maruszczak*, 123 Nev. 433, 446 (Nev. 2007).

Here, Plaintiffs' claims hinge on the propriety of the monologue assignment, and the purported failure of disciplinary action. However, the choice to satisfy the curriculum needs of a program has long been recognized as a discretionary act. *Cal. Parents for the Equalization of Educ. Materials v. Noonan*, 600 F. Supp. 2d 1088, 1116 (E.D. Cal. 2009) (citing *Epperson v. Arkansas*, 393 U.S. 97, 104, 89 S. Ct. 266 (1968)). Similarly the scope and manner in which an agency conducts an investigation is a discretionary act, provided no mandatory directive. *Martinez*, 123 Nev. at 446 (adopting the test applied to determine federal official immunity). Plaintiffs have not alleged that any mandatory directive was violated.

### IV. CONCLUSION

Mr. and Mrs. Evans are apparently displeased with the either the wording or the topic or both of the monologue chosen by R.E. to perform. But their distaste for the monologue does not translate to constitutional violations. However, regardless of the number of times Plaintiffs employ shock-loaded adjectives into their Complaint, they must meet the pleading standards. No degree of descriptive disparagement can transform the monologue here into pornography, or overcome the complete lack of contemporaneous objection to participation in the assignment.

---

[6] The video recording shows that Dr. Jara, who is not a member of the CCSD Board of Trustees, did not preside over the meeting, although he was present at the same.

For the foregoing reasons, Defendants respectfully request this Court enter an order dismissing Plaintiffs' Complaint for failure to state a claim upon which relief may be granted. Alternatively, Defendants respectfully request this Court order Plaintiffs to provide a more definite statement as to the allegations giving rise to the Complaint.

Respectfully submitted this 31st day of January 2023.

GREENBERG TRAURIG, LLP

By: /s/ Kara B. Hendricks
MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
TAMI D. COWDEN
Nevada Bar No. 08994
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
*Counsel for the CCSD Defendants*

ACTIVE 684924698v2

# CERTIFICATE OF SERVICE

I hereby certify that on **January 31, 2023**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

                                                  */s/  Evelyn Escobar-Gaddi*
                                                  An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone:  (702) 792-3773
Facsimile:   (702) 792-9002

14

ACTIVE 684924698v2