**LEX TECNICA LTD**
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
VINCENT J. GARRIDO, ESQ.
Nevada Bar No. 15918
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
adam@lextecnica.com
vince@lextecnica.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CANDRA EVANS, individually and as parent to R.E., TERRELL EVANS, individually and as parent to R.E.,<br><br>Plaintiffs,<br>vs.<br><br>KELLY HAWES, JOSHUA HAGER, SCOTT WALKER, JESUS JARA, CLARK COUNTY SCHOOL DISTRICT; and DOES 1 through 100; ROE ENTITIES 11 through 200, inclusive,<br><br>Defendants. | CASE NO.: 2:22-cv-02171-JAD-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

Pursuant to FRCP 26(c), the Stipulation contained herein sets forth the mutual terms of confidentiality by and among Plaintiffs Candra Evans, Terrell Evans, individually and as parents to R.E. (collectively "Plaintiffs"), by and through their undersigned counsel of record; and, Defendant(s), Kelly Hawes' ("Hawes"), Joshua Hager's ("Hager"), Scott Walker's ("Walker"), and Clark County School District's ("CCSD") (referred collectively herein as the "CCSD Defendants"), by and through their undersigned counsel of record. Based on the foregoing, the Court finds as follows:

1. The Parties (defined further herein) anticipate that disclosure and discovery activity in this action are likely to involve production of confidential or private information for

1

which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Additionally, the Parties recognize that this action has and likely will continue to garner attention from the public and requests from the media, press, and journalists for public comment. As such, this Stipulated Confidentiality Agreement and Protective Order is designed to protect statutorily protected information from public disclosure. Accordingly, the Parties hereby jointly stipulate to and petition the Court to enter the following Stipulated Confidentiality Agreement and Protective Order (hereinafter "Order").

2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, or any categories of information not specifically addressed herein, and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to CONFIDENTIAL treatment under the applicable law or regulation and designated "CONFIDENTIAL" as described herein. The parties further acknowledge, as set forth further below, that this Stipulated Confidentiality Agreement and Protective Order does not entitle them to file CONFIDENTIAL information under seal or otherwise change Federal or Local rules, procedures, and standards to be applied when a party seeks permission from the court to file material under seal. The parties expressly covenant, agree and acknowledge that R.E.'s name and personal identifiable information are CONFIDENTIAL and will be treated as such by all parties and will not be disclosed to any third parties, not under the direct control of an applicable party's attorneys pursuant to the terms identified herein.

3. As used within this Order, the words set forth below shall have the following meanings:

    a. "Litigation" or "Proceeding" shall mean the above-captioned case, filed in the United States District Court, District of Nevada, bearing Case Number 2:22-cv-02171-JAD-VCF.

    b. "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms.

    c. "Party" or "Parties" shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel.

    d. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information.

    e. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

    f. "Court" means the District Court, District of Nevada, and any judicial officer, judge, or magistrate assigned thereto, or any other judge or magistrate to which the Litigation may be assigned, including Court staff participating in such proceedings.

    g. "Confidential" means any documents, testimony, or information which a Designating Party believes in good faith contains or reveals confidential trade secrets, proprietary business information, or nonpublic personal, client, or employee information.

    h. "Confidential Materials" means any documents, testimony, or information, designated as "CONFIDENTIAL" pursuant to the provisions of this Order.

    i. "Designating Party" means the Party or non-party that designates documents, testimony, or information as "CONFIDENTIAL."

///

4. The privacy of students is protected under federal law whether they are parties to the Litigation or not. As a school district that receives federal funding, CCSD is bound by the Family Educational Rights and Privacy Act ("FERPA") and is not at liberty to disclose personally identifying information of its students without written consent of the parents, or a court order. The Parties acknowledge that information that could be reasonably likely to lead to admissible evidence in this Litigation could contain information that is protected by FERPA.

In addition, personnel files of state government employees involved in an incident may be deemed private in nature. As a result, their use may be limited to protect the individuals' fundamental right to privacy guaranteed by the First, Third, Fourth, Fifth, and Ninth Amendments of the U.S. Constitution. *See, El Dorado Savings & Loan Assoc. v. Superior Court of Sacramento County*, 190 Cal. App. 3d 342 (1987). Accordingly, the Parties agree that, in conjunction with discovery proceedings in this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived therefrom, which is entitled to confidential treatment under applicable legal principles, as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order"), and that anything designated as such will be produced to the requesting party without redaction, but shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of law or this Order. Confidential information includes information that qualifies for confidential treatment under applicable legal principles, which may include information contained in personnel files of CCSD employees and/or information that has not been made public and contains trade secret, proprietary and/or sensitive business or personal information, and/or any (personal) information about students that is protected by FERPA.

If information is protected under FERPA, until the information is released in an unredacted format with a Court order, CCSD agrees to produce a redacted version of all such

information in a format that redacts the identity and PII of the applicable third-party. The parties also expressly agree no redactions will be done to the Plaintiff's FERPA information as that information is the property of the Plaintiff.

    5.    In addition, if any Party requests documents or other evidence of third-party students (not the Plaintiff) that are subject to FERPA, the Parties acknowledge that after producing a redacted version, if either party desires to use an unredacted version of the same, either party may file a motion with the Court to compel the production of the same redacted material or the following procedure be followed:

    a.    The Parties will submit a stipulation to the Court identifying the records to be produced and requesting a Court Order approving the notice and disclosure of information protected by FERPA;

    b.    Upon receipt of the signed Court Order, CCSD will provide the Order along with a joint letter notifying the affected parties of the right to object to the disclosure of their student's information.

    c.    Unless the affected party files an objection with the Court within 10 days of receipt of notice of the Order, the producing party shall within 5 days after the expiration of the ten-day time period, produce the information in an unredacted format.

    d.    If the affected person or their representative files an objection to disclosure, any Party may request that the Court review the objection to determine its validity and/or review the objectionable material at issue in order to make a final determination as to whether such information shall be disclosed.

    e.    The disclosure of FERPA protected information will be marked confidential and produced pursuant to the Stipulated Confidentiality Agreement and Protective Order.

5

6. Confidential Materials shall not be Disclosed or utilized in a manner that discloses R.E.'s name. Nothing in this Order shall limit disclosure or use by a Designating Party of its own Confidential Materials.

7. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

8. Except as set forth explicitly herein, the entry of this Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party or non-party with respect to the discovery of matters, including but not limited to any Party's or non-party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

9. Confidential Materials shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL." The application of the legend must be made in a manner so as not to render the documents illegible, illegible after photocopying, or incapable of being subjected to Optical Scanning Recognition. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Redactions of any information will be narrowly tailored to only redact the identity and PII of the applicable student. All designations of Information as CONFIDENTIAL by the Producing Party must be made in good faith and must be based upon applicable legal principles.

10. Testimony taken at a deposition may be designated as CONFIDENTIAL within twenty (20) days of receipt of the transcript in any form. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the

///

6

transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately.

11. CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

a. The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court"), so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures set forth in Local Rule 10-5(b);

b. In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court"), so long as that document is filed under seal;

c. The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Counsel");

d. A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement;

e. Subject to the terms of this Order, experts or consultants and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

f. Any person identified on the document itself as having created, sent, received, or otherwise already viewed, the document;

7

    g. Any person testifying at deposition in this matter;

    h. The parent or legal guardian of any student that is the subject of the document itself;

    i. Any other person, only if the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification. In the event of an objection, no disclosure shall be made pending the resolution of the objection. If the disclosure includes information that is protected by FERPA, the objection can only be resolved by stipulation of the Parties and a Court Order, which includes a provision allowing CCSD to provide no less than twenty (20) days' notice to the parents of the student(s) that may be implicated in any disclosure. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the terms and requirements of this Order.

  12. With respect to outside experts or other persons pursuant to Paragraph 11, to become an authorized expert or other person entitled to access to CONFIDENTIAL Information, the expert or other person must be provided with a copy of this Order and must sign a certification in the form attached as **Exhibit A** hereto acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification.

  13. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information to a person who created or previously received (as an addressee or by way of copy) such Information.

8

14. The inadvertent production by any of the undersigned Parties or any non-parties of any document, testimony, or information during discovery in the Proceeding without a "Confidential" designation shall be without prejudice to any claim that such item is "Confidential," and such Party or non-party shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony, or information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party or non-party that inadvertently produced the document shall promptly give written notice of such inadvertent production, identify (by production number) the affected material, and provide a new copy of the subject document, testimony, or information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony, or information shall promptly make reasonable efforts to destroy the inadvertently produced document, testimony, or information and all copies thereof. Notwithstanding the foregoing, if the receiving Party Disclosed such document, testimony, or information to persons not authorized to receive that information before receipt of the "Confidential" designation, such Disclosure shall not be deemed a violation of this Stipulated Protective Order. In the event the receiving Party receives an Inadvertent Production Notice, the receiving Party shall either make reasonable efforts to promptly retrieve the document, testimony, or information or shall promptly notify the Designating Party of the distribution and the identity of the person who received the Information. Any Party may object to the "Confidential" designation of documents, testimony, or information pursuant to the procedures set forth in Paragraph 7 of this Stipulated Protective Order. This provision is not intended to apply to any inadvertent production of any document, testimony, or information protected by attorney-client or work product privileges.

///

15. In the event that counsel for a Party receiving documents, testimony, or information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, setting forth the specific documents, testimony, or information to which each objection pertains and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have fifteen (15) calendar days after service of the written Designation Objections to meet and confer with the objecting Party in an attempt to resolve the Designation Objections. If the parties are not able to resolve the dispute during the meet-and-confer process, the objecting Party may then, after advising the Designating Party, file a motion with the Court seeking to remove any or all designations on documents, testimony, or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony, or information at issue in such Designation Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designating Party does not timely respond to the Designation Objections, then such documents, testimony, or information shall be de-designated in accordance with the Designation Objections applicable to such material. The failure of a receiving Party expressly to challenge the designation of any documents, testimony, or information as "Confidential" at the time of Disclosure shall not constitute a waiver of the right to challenge the designation at any subsequent time.

16. Each Receiving Party shall use due care with respect to the storage, custody, use, and/or Disclosure of Confidential Materials. A person with custody of documents designated as "Confidential" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

10

17. If counsel for a Party learns of any breach of this Stipulated Protective Order by any person to whom the Party Disclosed "Confidential" information pursuant to the terms of this Stipulated Protective Order, the Party shall promptly notify counsel for the Designating Party of such breach.

18. Confidential Materials properly designated by the other party shall be used solely for the purposes of this Litigation.

19. Any Party to the Litigation (or other person subject to the terms of this Order) may ask the Court, after appropriate notice to the other Parties to the Litigation, to modify or grant relief from any provision of this Order.

20. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

    a. operate as an admission by any person that any particular document, testimony, or information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Order):

        i. to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection under the terms of this Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Litigation from any provision(s) of this Order, either generally or as to any particular document, material, or information.

///

11

        c.    Prohibit a party from discussing this case with a third party, so long as they do not disclose CONFIDENTIAL information.

21. As set forth above, any documents, testimony, or information produced by a non-party witness in discovery in the Litigation pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-party to the authority of the Court in the Litigation to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Order.

22. The restrictions and obligations set forth in this Order relating to information designated "Confidential" shall not apply to any information that (a) the Designating Party agrees, or the Court rules, is already public knowledge; or (b) the Designating Party agrees, or the Court rules, has become public knowledge other than as a result of Disclosure by a receiving Party in violation of this Stipulated Protective Order.

23. The Parties acknowledge that this Order does not entitle them to file Confidential Materials and Information under seal. Any Party seeking to include such Confidential Materials or Information in a motion or other pleading or as an exhibit or attachment to a motion or other pleading shall seek to file it under seal pursuant to the Federal Rules Governing Sealing and Redacting Court Records or by other proper means. If a motion or pleading filed with the Court discloses Confidential Materials, such designated portions shall be narrowly redacted only to the extent necessary to conceal such information in any motion or pleading filed publicly with the Court, pending ruling by the Court on a motion to file it under seal. Unredacted motions or pleadings containing Confidential Materials may be filed under seal, if the Court agrees after

12

proper motion. When a Party, in good faith, determines that it is necessary to bring the specific content of such Confidential Materials to the attention of the Court in the body of a motion or other pleading, then it shall file a motion seeking to disclose the Confidential Materials to the Court in camera or by such other means as the Court may deem appropriate. Such motion may disclose the general nature, but shall not disclose the substance, of the Confidential Materials at issue.

24. If a Party wishes to use Confidential Materials or Confidential Information at a public proceeding, such as a hearing before the Court or at trial, it shall notify the Court and the other Parties to this action of that fact at the time the hearing or trial commences, and the Court may then take whatever steps it may deem necessary to preserve the confidentiality of said information during the course of, and after, the public proceeding.

25. The Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal and ordered sealed by the Court, in this matter.

26. Where use of designated Confidential Material at trial can be anticipated, the party intending to make use of such information at trial shall meet and confer prior to or as part of preparing the pre-trial memorandum, of its intent to use the specified Confidential Material at trial. If the issue of the designation and use of the designated information at trial is not resolved through good faith consultation, the party designating the material as Confidential Material shall, within ten (10) days of the parties' pre-trial conference or at the time of filing the pre-trial memorandum, whichever may be earlier, file and serve a noticed motion to resolve the dispute over the designation of the Confidential Material and preclusion or restriction of its use at trial.

///

27. Nothing in this Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

28. This Order shall not be construed to prevent any Party from making use of or disclosing Information that is not CONFIDENTIAL that was obtained by a Party, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own Confidential Materials or Information as it deems appropriate. The parties acknowledge that all information related to R.E. including FERPA protected information or CONFIDENTIAL information, is the property of R.E. and R.E.'s parents.

29. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any Confidential Materials or Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any Confidential Materials or Information shall use reasonable efforts to maintain the confidentiality of such Confidential Materials and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

30. This Order shall continue to be binding after the conclusion of the Litigation and all appeals of the same, except that a Party may keep legal copies of the discovery solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Documents.

14

31. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

| | |
|---|---|
| DATED this 7th day of March 2023.<br>**LEX TECNICA LTD**<br><br>*/s/ Vincent J. Garrido*<br>ADAM R. KNECHT, ESQ.<br>Nevada Bar No. 13166<br>VINCENT J. GARRIDO, ESQ.<br>Nevada Bar No. 15918<br>10161 Park Run Drive, Suite 150<br>Las Vegas, Nevada 89145<br>adam@lextecnica.com<br>vince@lextecncia.com<br>*Attorneys for Plaintiffs* | DATED this 7th day of March 2023.<br>**GREENBERG TRAURIG, LLP**<br><br>*/s/ Kara B. Hendricks*<br>MARK E. FERRARIO, ESQ.<br>Nevada Bar No. 01625<br>KARA B. HENDRICKS, ESQ.<br>Nevada Bar No. 07743<br>TAMI D. COWDEN, ESQ.<br>Nevada Bar No. 08994<br>CHRISTIAN T. SPAULDING, ESQ.<br>Nevada Bar No. 14277<br>*Counsel for Defendants, Clark County School District and Defendants Jara, Hawes, Hager, and Walker* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

3-8-2023
_____
DATED

15

**CERTIFICATE OF SERVICE VIA CM/ECF**

I hereby certify that on this 8th day of March, 2023, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER addressed to:

Tami D. Cowden: cowdent@gtlaw.com, LVLitdock@gtlaw.com, rosehilla@gtlaw.com

Kara B. Hendricks: hendricksk@gtlaw.com, neyc@gtlaw.com, escobargaddie@gtlaw.com, flintza@gtlaw.com, lvlitdock@gtlaw.com, sheffieldm@gtlaw.com

**AND**

VIA U.S. POSTAL MAIL: by placing a true and correct copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, addresses as indicated on the attached service list in the United States Mail addressed to:

Mark E. Ferrario
Greenberg Traurig, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, NV 89135

/s/ Kimber Foster
An Employee of Lex Tecnica LTD



**Vincent Garrido <vince@lextecnica.com>**

## RE: Evans v. CCSD et al - Draft Stip. Conf. Agreement and Protective Order

**Vincent Garrido** <vince@lextecnica.com>                                                                      Tue, Mar 7, 2023 at 8:42 AM
To: hendricksk@gtlaw.com
Cc: sam@lextecnica.com, spauldingc@gtlaw.com, Kimber Foster <kfoster@lextecnica.com>

Formatting changes made and signature dates fixed.  Please advise if I have authority to attach your e-signature.
Thanks.

On Fri, Mar 3, 2023 at 4:57 PM <hendricksk@gtlaw.com> wrote:

[Quoted text hidden]

[Quoted text hidden]

📄 **684978027_v 2_Stip. Conf. Agreement FINAL.DOCX**
   49K



**Vincent Garrido <vince@lextecnica.com>**

## RE: Evans v. CCSD et al - Draft Stip. Conf. Agreement and Protective Order

**hendricksk@gtlaw.com** <hendricksk@gtlaw.com>                    Tue, Mar 7, 2023 at 9:31 AM
To: vince@lextecnica.com
Cc: sam@lextecnica.com, spauldingc@gtlaw.com, kfoster@lextecnica.com

Thank you. Yes, you can file with e-signature.

[Quoted text hidden]

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CANDRA EVANS, individually and as parent to R.E., TERRELL EVANS, individually and as parent to R.E.,<br><br>　　　　Plaintiffs,<br>vs.<br><br>KELLY HAWES, JOSHUA HAGER, SCOTT WALKER, JESUS JARA, CLARK COUNTY SCHOOL DISTRICT; and DOES 1 through 100; ROE ENTITIES 11 through 200, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:22-cv-02171-JAD-VCF<br><br>**CERTIFICATION REGARDING STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

　　　　I have read the Stipulated Confidentiality Agreement & Protective Order in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date: _____　　　　　　　Signature: _____

　　　　　　　　　　　　　　　　　　　　　　Signatory's Name, Business Affiliation, and Business Address:

　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　_____

17